```
1   THOMAS E. WINNER
    Nevada Bar No. 5168
2   LARA L. MILLER
    Nevada Bar No. 12618
3   WINNER BOOZE & ZARCONE
    1117 South Rancho Drive
4   Las Vegas, Nevada 89102
    Phone (702) 243-7000
5   Facsimile (702) 243-7059
    twinner@winnerfirm.com
6   lmiller@winnerfirm.com

7   Attorneys for Defendant
    Geico Advantage Insurance Company
8
```

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JONGEUN JOHNSON,<br><br>    Plaintiff,<br><br>vs.<br><br>GEICO ADVANTAGE INSURANCE COMPANY, a foreign company; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants. | CASE NO.: 2:21-cv-01213-RFB-EJY<br>DEPT. NO.:<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |

Defendant, GEICO ADVANTAGE INSURANCE COMPANY, (hereinafter "GEICO"), by and through its counsel, the law offices of WINNER, BOOZE & ZARCONE LTD, and Plaintiff, JONGEUN JOHNSON, by and through her counsel of record, ALDRICH LAW FIRM, hereby submit the following Stipulated Discovery Plan and Scheduling Order pursuant to L.R 26-1(d) and Fed. R. Civ. P. 26(f).

### PROPOSED SCHEDULE

1. <u>Meeting</u>: Pursuant to Fed. R. Civ. P. 26(f), a telephonic meeting was held on July 30, 2021, and was attended by Lara L. Miller of Winner, Booze & Zarcone for Defendant and Catherine Hernandez of Aldrich Law Firm for Plaintiff.

2. <u>Initial Disclosures</u>: The parties agreed that no changes to the form, content or timing of

the disclosures under FRCP 26(a) are necessary. As such, initial disclosures will be served by both parties on or before August 13, 2021. Based upon counsels' review of the evidence in this case, the parties now propose the following discovery plan:

3. <u>Areas of Discovery</u>: (a) the allegations in Plaintiff's Complaint and (b) Defendant's defenses.

4. <u>Discovery Plan</u>: The Parties propose the following discovery plan:

   A. Discovery Cut-off Date(s): The parties agreed to ADR and will be scheduling early evaluation with a private neutral before the end of the year after undertaking some limited discovery. As such, the parties agreed to modify the traditional discovery model of 180 days allowed under Local Rule 26-1(b)(1) and extending the discovery cut-off by ninety (90) days, which accommodates scheduling the above-mentioned. This discovery plan allows for an early evaluation by a neutral and still affords the parties time in discovery should the case not resolve. Under this plan, all discovery must be completed by no later than **April 4, 2022**.

   A. Amending Pleadings or Adding Parties: Unless otherwise stated herein or ordered by the Court, the date for filing motions to amend the pleadings or to add parties shall not be later than ninety (90) days prior to the discovery cut-off date. Therefore, any such motion shall be filed not later than **January 4, 2022**.

   B. Disclosure of Expert Witnesses: In accordance with Fed. R. Civ. P. 26(a)(2) and L.R. 26-1(3), disclosures identifying experts shall be made sixty (60) days prior to discovery cut-off date. Therefore, such disclosures shall be made not later than **February 3, ~~2021~~ 2022**. Disclosures identifying rebuttal experts shall be made thirty (30) days after the initial disclosure of experts. Therefore, such disclosures shall be made not later than **March 7, ~~2021~~ 2022**.

   C. Dispositive Motions: Dispositive motions must be filed within thirty (30) days

after the close of discovery. Therefore, such motions shall be filed not later than **May 4, ~~2021~~** 2022.

D. Pre-Trial Order: The parties will prepare a Joint Pre-Trial Order on or before **June 3, ~~2021~~** 2022, which is not more than thirty (30) days after the date set for filing dispositive motions in the case. This deadline will be suspended if dispositive motions are timely filed until thirty (30) days after the decision of the dispositive motions or until further order of the Court. The disclosure required by Fed. R. Civ. P. 26(a)(3) and objections thereto, shall be made in the pre-trial order.

E. Pre-Trial Disclosures: L.R. 26-1(6) requires that pre-trial disclosures, pursuant to Fed. R. Civ. P. 26(a)(3), and any objections thereto shall be included in the Pre-Trial Order. However, the parties wish to deviate from that rule to permit a reasonable opportunity to evaluate a party's pre-trial disclosures and make well-reasoned objections thereto. The parties do not feel they can adequately do so under the modified schedule of L.R. 26-1(6). Therefore, the parties propose following the schedule in Fed. R. Civ. P. 26(a)(3)(B) which requires the parties make pre-trial disclosures not later than thirty (30) days before trial and submit any objections thereto not later than fourteen (14) days before trial.

F. Court Conference: If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the Court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

5. <u>Other orders that should be entered by the Court under Rule 26(c) or under Rules 16(b) and (c):</u> There may be the need for a confidentiality and protective order if Plaintiff makes a request for the disclosure of trade secrets and/or other confidential and protected information by Defendant GEICO during discovery. Absent the agreement on a

confidentiality order by the parties, Defendant may file a motion for protective order pursuant to Rule 26(c).

6. <u>E-discovery</u>: The parties agree that disclosure and discovery of electronically stored information should be produced in Portable Document Format (Adobe Acrobat) ("PDF Format") to allow for proper and consistent Bates numbering. The PDF documents are also to be produced in a recognize text Optical Character Recognition ("OCR") format. If in good faith a party questions the authenticity of an electronically stored document, or for other good faith reason, the party may request the PDF format document to be produced in its native format.

7. <u>Clawback Agreement</u>: In the event that any Party (the "Discloser") produces material or documents without intending to waive a claim of privilege or confidentiality, the Discloser does not waive any claim of privilege or confidentiality if, within a reasonable amount of time after the Discloser actually discovers that such material or documents were produced, the Discloser notifies all other Parties (the "Recipient(s)") of the inadvertent disclosure of privileged or confidential items, identifying the material or documents produced and stating the privilege or confidentiality provision asserted. Mere failure to diligently screen documents before producing them does not waive a claim of privilege or confidentiality.

If the Discloser asserts that it inadvertently produced privileged or confidential items in accordance with this Claw Back Agreement, the Recipient(s) must return the specified material or documents and any copies within ten days of the notification. The Recipient(s) must further permanently destroy any electronic copies of such specified material or documents and affirm in writing to counsel for the Discloser of such destruction.

In the event that the Recipient(s) contends the documents are not subject to privilege or confidentiality as asserted by the Discloser in accordance with this Claw Back Agreement, the Recipient(s) may, following the return and destruction described in

Paragraph 2 of this Agreement, challenge the privilege claim through a Motion to Compel or other pleading with the District Court in which the Litigation is currently pending. The Parties agree that any review of items by the judge shall be an *in camera* review.

Should the Recipient(s) not challenge the Discloser's claim of privilege or confidentiality, or should the presiding judge determine that the documents are in fact subject to privilege or confidentiality, the documents, or information contained therein or derived therefrom, may not be used in the Litigation or against the Discloser in any future litigation or arbitration brought by the Recipient(s). Nothing contained within this Claw Back Agreement shall be deemed to waive any objection that any Party may wish to assert under applicable state or federal law.

If the Recipient challenges the privilege or confidentiality of the inadvertently disclosed documents, and prevails on the motion to compel, the Recipient will be entitled to recover reasonable attorney's fees for bringing the motion, to be determined by the Court.

8. <u>Extensions or Modifications of the Discovery Plan and Scheduling Order</u>: In accordance with L.R. 26-4, any stipulation or motion for modification or extension of this discovery plan and scheduling order must be made no later than twenty-one (21) days before the discovery cut-off date. Therefore, such stipulations or motions shall be made not later than **March 21, 2022**.

9. <u>Alternative Dispute Resolution:</u>  Pursuant to Local Rule 26-1 (b)(7), the parties certify that they met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration and if applicable, early neutral evaluation.

10. <u>Alternative Forms of Case Disposition:</u>  Pursuant to Local Rule 26-1 (b)(8), the parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01).

11. <u>Electronic Evidence:</u>  Pursuant to Local Rule 26-1 (b)(9), the parties certify that they agree to provide discovery in an electronic format compatible with the court's electronic jury evidence display system at trial.

DATED this  2nd  day of August, 2021.

ALDRICH LAW FIRM

/s/ Catherine Hernandez
John Aldrich
Nevada Bar No. 6877
Catherine Hernandez
Nevada Bar No. 8410
7866 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for Plaintiff*

DATED this  2nd   day of August, 2021.

WINNER, BOOZE & ZARCONE

/s/ Lara L. Miller
Thomas E. Winner
Nevada Bar No. 5168
Lara L. Miller
Nevada Bar No. 12618
1117 South Rancho Drive
Las Vegas, Nevada 89102
*Attorneys for Defendant*

**ORDER**

IT IS SO ORDERED this 2nd day of August, 2021.

_____
UNITED STATES MAGISTRATE JUDGE